IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CASE NO. 4:19-CR-22-NBB-JMV

DERRICK SPRUIELL

## ORDER DENYING MOTION TO SEVER

Presently before the court is the defendant Derrick Spruiell's motion to sever. Upon due consideration of the motion, the Government's response, and applicable authority, the court finds that the motion is not well taken and should be denied.

On February 28, 2019, a federal grand jury sitting in this district returned a three-count indictment charging defendant Spruiell and three others with violating federal drug laws. Spruiell was charged in Count One (21 U.S.C. § 846) and Count Three (21 U.S.C. § 860). Spruiell has now filed the present motion to sever arguing, as the Government notes, without citation to legal precedent and without factual support, that his charge should be tried separately from his co-defendants.

A two-part analysis is required to assess Defendant's motion. First, Rule 8(b) of the Federal Rules of Criminal Procedure states:

> (b) **Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In the charge against this Defendant, Count One alleges he engaged in a conspiracy with three other co-defendants to possess with intent to distribute more than 280 grams of cocaine base and a mixture and substance containing methamphetamine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. This satisfies Rule 8(b) because Spruiell is one of "two or more defendants. . . alleged

to have participated in the same act or transaction" of a conspiracy to possess with intent to distribute cocaine and a mixture and substance containing methamphetamine. Further, the conspiracy charge in Count One is related to the charge of distributing a mixture and substance containing cocaine base in Count Three because the counts allege the defendants participated in the "same series of acts or transactions, constituting an offense or offenses." The drugs in all three counts are the same type, the alleged controlled purchases were allegedly made by the same confidential informant from each defendant, and Count One alleging conspiracy overlaps in time with the related underlying Counts Two and Three. Moreover, the alleged common objective of all three counts is to sell illegal narcotics. Defendant was therefore properly joined.

The court must find the joinder to appear to prejudice Defendant for severance to be granted. Rule 14(a) of the Federal Rules of Criminal Procedure states:

(a) **Relief**. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Defendant's motion to sever alleges "the jury will have insurmountable difficulty in distinguishing the alleged acts of this defendant from the alleged acts of his Co-defendants" and other related theories regarding what the Fifth Circuit has termed "spillover" or "cumulative" prejudice. *See United States v. Sparks*, 2 F.3d 574, 583-584 (5th Cir. 1993). The "mere presence of a spillover effect does not ordinarily warrant severance." *Id.* The Defendant has offered no reason why the jury, given precise and proper jury instructions, would have "insurmountable difficulty" distinguishing the alleged acts of Defendant from that of his co-defendants. Defendant alleges inadmissible evidence may be introduced by his co-defendants to his prejudice but fails to identify such inadmissible evidence. Defendant also contends he and his co-defendants will receive fairer trials if tried alone. The Fifth Circuit has stated, however, "That certain defendants

might have had a better chance of acquittal if tried separately does not establish their right to a severance under Rule 14." *United States v. Scott*, 555 F.2d 522, 531 (5th Cir. 1977). For these reasons, the court finds Defendant has not established the appearance of prejudice, and he is not entitled to relief under Rule 14(a).

For the foregoing reasons, the motion is DENIED.

SO ORDERED AND ADJUDGED, this 7th day of June, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE